ORLY TAITZ, ESQ
CBN 223433
LAW OFFICES OF ORLY TAITZ
29839 SANTA MARGARITA, STE 100
RANCHO SANTA MARGARITA, CA 92688
Ph. 949 683 5411
Fax 949 766 7603
Orly.Taitz@gmail.com

US DISTRICT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEFEND OUR FREEDOMS FOUNDATION,<br><br>Plaintiff,<br><br>vs.<br><br>HONORABLE HOWARD LUTNICK IN HIS<br>OFFICIAL CAPACITY AS THE<br>SECRETARY OF COMMERCE, IN<br>CHARGE OF THE US CENSUS<br><br>Defendant | ) Case No.:<br>)<br>) COMPLAINT FOR INJUNCTIVE RELIEF<br>) TO INCLUDE IN THE US CENSUS THE US<br>) CITIZENSHIP QUESTION AND CONDUCT<br>) A CENSUS INCLUDING ONLY THE US<br>) CITIZENS FOR THE PURPOSE OF<br>) CONGRESSIONAL DISTRICT<br>) ALLOCATIONS FOR DIFFERENT STATES<br>) |

Parties

Plaintiff

Defend Our Freedoms Foundation- California foundation dedicated to preservation
of the Constitutional rights and freedoms of US citizens, including correct and
equal representation in the US census

Defendant

Honorable Howard Lutnick in his official capacity as the Secretary of Commerce, in charge of the US census

## Jurisdiction

Census apportionment is a federal question 28 USC§1331

Additional jurisdiction is under the Diversity of Citizenship 28 USC §1332. The plaintiff is the citizen of California and the defendant is the citizen of Washington DC.

Additional jurisdiction is available under 28 USC§1391(e)(1)(C) as the defendant is a federal defendant

## Venue

Venue is proper under 28 USC§1381, as the plaintiff is the resident of the Central district of California, entitled to sue the federal government in his home jurisdiction

## Summary of the case

Previous US census was conducted in April of 2020. Former Secretary of Commerce, Wilbur Ross, and President Trump wished to re-instate the citizenship question in the census, as without knowing the citizenship status, millions of illegals and non-citizens, mostly in Democrat-blue sanctuary states, such as New York and California, were wrongly counted in the census which caused those states to wrongly obtain many more congressional districts and more funding. When it was announced in 2019 that the citizenship question will be added, mostly the Democrat-blue sanctuary states, led by New York and California, sued the first Trump administration seeking to remove the citizenship question in order to retain their wrongly obtained large numbers of congressional districts and funding. The plaintiffs claimed that adding the citizenship question violated that APA (Administrative procedure Act) due to inadequate justification. The case, Department of Commerce v New York (588 US 752 (2019) and 18-966 in the Supreme Court) reached the Supreme Court. The Supreme Court, in Department of Commerce v. New York (588 U.S. 752), didn't rule that a citizenship question was

unconstitutional or inherently impermissible. Instead, it blocked the question because the administration's stated rationale—enforcing the Voting Rights Act—was deemed a pretext, violating administrative law principles under the Administrative Procedure Act. The Court left open the possibility that a citizenship question could be added with a "sufficient and genuine justification."

The legal challenge at hand is seeking to correct this error, for Honorable Howard Lutnick,  the new Secretary of Commerce, in charge of the Census, to include the citizenship question with proper explanation and justification and re-do the census in a correct manner, where only US citizens will be counted for the congressional districts. Additionally, including immigration status and visa expiration in census would help apportion the federal funds correctly, whereby illegal aliens will not be counted for the federal fund appropriation, and legal aliens residing in the US on visas of different duration will be counted proportionally to the length of their stay during the 10 year census intervals for the federal funding, based on the length of their visas. Plaintiff is hopeful that this legal challenge will be settled amicably.

Statement of Facts and Argument

1. US census exists to apportion congressional districts to different states.
2. US census is conducted by the census bureau, which is a part of the Department of Commerce.
3. Honorable Howard Lutnick is the US Secretary of Commerce in charge of the Department of Commerce.
4. The U.S. census is mandated by Article I, Section 2 of the United States Constitution, which states: "Representatives and direct Taxes shall be apportioned among the several States... according to their respective Numbers... . The actual Enumeration shall be made within three years after the first meeting of the Congress of the United States, and within every subsequent Term of ten Years". Section 2 of the Fourteenth Amendment amended Article I, Section 2 to include that the "respective Numbers" of the "several States" will be determined by "counting the whole

number of persons in each State, excluding Indians not taxed." The United States Census Bureau (officially the Bureau of the Census, as defined in Title 13 U.S.C. § 11) is responsible for the United States census. The Bureau of the Census is part of the United States Department of Commerce.

5. Only US citizens are allowed to vote in federal elections. In 2005 the census questionnaire contained the citizenship question. When Barack Obama came to office, he removed the citizenship question from the census questionnaire.

6. When President Trump took office, he and the Secretary of Treasury at a time, Wilbur Ross, reinstated the citizenship question in the census questionnaire. This was challenged by the Democrats and the challenge reached the Supreme Court. SCOTUS did not rule on the merits, whether the citizenship question can be reinserted in the questionnaire, but rather the Supreme Court ruled on technicality, that the Department of Commerce did not give the required time for public comment between proposing the change and implementing it and that the Secretary of Commerce did not provide sufficient justification for inclusion of the citizenship question.

7. The President of the United States has the authority to include a citizenship question in the census, as the executive branch, through the Department of Commerce and the Census Bureau, is responsible for conducting the decennial census under the U.S. Constitution (Article I, Section 2) and federal law (Title 13 of the U.S. Code). The specific content of the census is determined by the Census Bureau, which operates under the Secretary of Commerce, who in turn serves at the President's direction. Historically, citizenship questions have been included in various forms of the census, such as from 1820 to 1950 in the decennial census and more recently in the American Community Survey, which replaced the census long form. However, this authority isn't without limits or controversy. In 2019, the Trump administration attempted to add a citizenship question to the 2020 census, sparking significant legal and political debate. The Supreme Court, in Department of Commerce v. New York (588 U.S. 752), didn't rule that a citizenship question was unconstitutional or inherently impermissible. Instead, it blocked the question because the administration's stated rationale—enforcing the Voting Rights Act—was deemed a pretext, violating administrative law principles under the Administrative Procedure Act. The Court left open the possibility that a citizenship question could be added with a "sufficient and genuine justification."

8. Including the citizenship question and conducting the corrected 2020 census de novo or conducting an early subsequent census is essential. The states are apportioned congressional districts based on census. Some states, particularly sanctuary states, like California and New York have millions of non-citizens. Those non-citizens are counted in the census, which causes these states to have more congressional districts at the expense of other states. As a result, millions of non-citizens, including illegals subject to deportation, affect our elections and congressional districting. The number of voting seats within the House of Representatives is currently set at 435, with each one representing an average of 761,169 people following the 2020 United States census.

9. When Joe Biden came into office, he revoked the "stay in Mexico" policy as well as some 900 executive orders by Donald Trump, which kept the US border closed. Biden's actions created a stampede of some 14 million illegals, an invasion, which is unprecedented in human history. Calculating based on 2020 census, these 14 million people would be equal to 18 congressional districts. In simple terms, sanctuary states, which are predominantly Democrat-run states, might be adding 18 districts. It shows how illegals and non-citizens in general, who are not allowed to vote, end up affecting our elections and subsequently US policies due to the fact that the census currently does not differentiate citizens and non-citizens and includes all non-citizens, including illegals in the total count.

10. Only US citizens are allowed to vote in federal elections, so it is self – explanatory that there has to be a citizenship question in the census to differentiate citizens and non-citizens in the census for the purpose of the congressional districting, while non-citizens can be counted for other purposes, such as fund allocations, deportations and so on. Furthermore, the intent of the framers of the constitution and the legislature was to only include the US citizens in the census. At the time of the creation of the census, the only non citizens were Indians not taxed and hence the Section 2 of the <u>Fourteenth Amendment</u> amended Article I, Section 2 to include that the "respective Numbers" of the "several States" will be determined by "counting the whole number of persons in each State, **<u>excluding Indians not taxed.</u>**" Today Indians are taxed and have full citizenship. If the intent of the framers of the constitution and the legislature was to include non-citizens in

the census, they would not have excluded Indians non taxed, who at the time were non-citizens. This shows that the intent of the legislature in creation of the census was to include **only** citizens.

11. The fourteenth amendment has amended  the First Census Act of 1790, which                                                                                          stated:

> CHAP. II.—*An Act providing for the enumeration of the Inhabitants of the United States. (a)*
>
> SECTION 1. *Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the marshals of the several districts of the United States shall be, and they are hereby authorized and required to cause the number of the inhabitants within their respective districts to be taken; omitting in such enumeration Indians not taxed, and distinguishing free persons, including those bound to service for a term of years, from all others; distinguishing also the sexes and colours of free persons, and the free males of sixteen years and upwards from those under that age;

12. Due to the fact that the Census Act of 1790 expressly omitted "Indians not taxed," who were not citizens at a time, it means that the intent of the Census Act was not to include non-citizens, which concurs with the proposition that only citizens should be counted towards congressional districting, as non-citizens are not allowed to vote in federal elections, and large numbers of non-citizens concentrated in a few states improperly affect the elections, dilute the votes of the US citizens, affect domestic and foreign policies and give some states incentive to be sanctuary states.

13. Including citizenship question and immigration status is also necessary for compliance with the Enumeration Clause of Article 1, Section 2, Clause 3 of the US Constitution. At issue is not just congressional redistricting, but also taxation and distribution of federal funding. Such distributions are made per capita and multiplied for ten years. If arguendo a person is in the US on a student or a work visa, which expires within a year, the state should not be getting funding for this person for ten years. Similarly, if a person is in the country illegally and subject to deportation tomorrow, the state should not be getting federal funding for this person for the next ten years till the next census.  Based on the above, not including in the census questions, such as citizenship and form of visa and expiration of the visa  cause the census to

be in violation of the Enumeration Clause of Article 1, Section 2, Clause 3 of the US Constitution.

14. The magnitude of the violation of the Enumeration clause can be seen by looking at the numbers. Specifically, because we were deprived of getting the exact numbers, we rely on estimates. In May of 2025, the estimated population of the United States was 347,275,807. Of those, roughly 301.5 million people were US citizens, and around 45.8 million are not citizens. Of the non-citizens roughly 20 million are legal and about 26 million- illegal. To put numbers in the perspective, the total number of non-citizens (both legal and illegal non-voting non-citizens) would comprise the most populated state in the nation, the total number of just illegals would comprise a third most populated state. Considering that today about 760,000 people comprise a congressional district, non-citizens would make up about 61 congressional districts, illegal non-citizens would comprise 34 congressional districts. Considering that most illegals concentrate in the sanctuary states such as California and New York and the fact that many immigrants, who are here legally, also tend to immigrate to more cosmopolitan coastal states, such as California and New York, the citizens of these states end up with disproportionally high number of congressional districts. As such, non-citizens, who are not allowed to vote, end up influencing the US politics.

15. Additionally, in New York v Secretary of Commerce, the Supreme Court in it's opinion found that the citizenship information can be obtained from the administrative record.  However, recently the Department of Government Efficiency (DOGE) has discovered massive fraud in the administrative record. In it's order SCOTUS mentioned "use administrative records from other agencies, e.g., the Social Security Administration, to provide additional citizenship data." (Secretary of Commerce v New York 18-966 SCOTUS order p.2)  However, DOGE found some 25 million active social security numbers of individuals over

110 years old, even though the oldest American in the Guinness book of records is 114 and there might be just a handful of living Americans over 110. So, today the public is fully aware that the administrative records, particularly Social Security records are extremely corrupted and bogus and likely illegal aliens and domestic and foreign criminal organizations are using the social security numbers of the deceased to steal from the US Treasury and fraudulently obtain various benefits. This new information obtained by DOGE shows that the Secretary of Treasury cannot rely on the administrative record and should include the citizen question in the census and the 2020 census has to be redone.

Prayer for relief:

1. Reinstatement of the citizenship question in the US Census by the Secretary of Commerce in charge of the Census

2. Inclusion of the immigration status question and visa expiration question in the US Census by the Secretary of Commerce in charge of the Census

3. Based on true meaning of the Census Act of 1790, where non-citizens were not included in the census, calculation of districts to be done based only on the total number of the US citizens in the states.

4. Re-do of the Census based on all of the above.

Dr. Orly Taitz, ESQ

01.28.2026

LAW OFFICES OF ORLY TAITZ
29839 SANTA MARGARITA, STE 100
RANCHO SANTA MARGARITA, CA 92688
Ph. 949 683 5411
Fax 949 766 7603
Orly.Taitz@gmail.com